IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD RODRIGUEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Ronald Rodriguez brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications and practices impacted plaintiff

1

within this District;

      b.    Defendant does or transacts business within this District.

## PARTIES

5.    Plaintiff Ronald Rodriguez is an individual who resides in the Northern District of Illinois.

6.    Defendant Portfolio Recovery Associates, LLC is a Delaware corporation. It does business in Illinois. Its registered agent and office are Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

7.    Portfolio Recovery Associates, LLC ("PRA") is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.    PRA is a debt collector as defined in the FDCPA.

8.    Among other things, PRA files thousands of collection lawsuits in the Illinois courts.

## FACTS

9.    PRA has been attempting to collect from plaintiff Ronald Rodriguez an alleged medical debt.

10.    On January 22, 2014, PRA filed a lawsuit against Mr. Rodriguez in the Circuit Court of Cook County, Illinois, case 2014 M1 102919.

11.    A copy of the complaint is attached as Appendix A.

12.    In paragraph 1 of the complaint, PRA alleged "That the defendant, RONALD RODRIGUEZ, is indebted to plaintiff, PORTFOLIO RECOVERY ASSOCIATES, LLC by virtue of a certain agreements opened or in the alternative entered into by defendant on or about

July 31, 2009." (Appendix A, ¶ 1.)

13. Attached to the complaint was an affidavit with the stamped name of Larry J. Andrews. (Appendix B.)

14. According to the affidavit, PRA was seeking to collect on a General Electric Capital Corp/Care Credit account.

15. In the affidavit, Mr. Andrews testified in relevant part:

According to the records transferred to [PRA] from [General Electric Capital Corp/Care Credit], there was due and payable from **Ronald Rodriguez** ("Debtor and Co-Debtor") to [General Electric Capital Corp/Care Credit] the sum of **$7,947.42** with the [sic] respect to the account number **ending in 9604** as of the date of **2/1/2013** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

16. The statements in PRA's complaint and affidavit were false. Mr. Rodriguez did not owe any money to PRA or anyone else on a General Electric Capital Corp/Care Credit account.

17. Mr. Rodriguez opened a General Electric/Care Credit account for the purpose of paying for medical services to be provided by Nu U Medspa.

18. Nu U Medspa assisted Mr. Rodriguez in opening the account and Nu U Medspa retained the money charged to the account without providing the services promised.

19. Mr. Rodriguez asked Nu U Medspa to refund his money but Nu U Medspa refused.

20. Mr. Rodriguez complained to General Electric Retail Bank ("General Electric"), the issuer of the General Electric/Care Credit account but General Electric refused to give Mr. Rodriguez a credit for the money pocketed by Nu U Medspa.

21. In December 2013, General Electric entered into a consent order with the

3

Consumer Financial Protection Bureau relating to its CareCredit health-care credit-card program. (Appendix C.) As part of the consent order, General Electric agreed that its contracts with medical providers would prohibit charges for services not yet rendered. (Appendix C, ¶ 31, p. 8.)

22. The consent order was well-publicized and, on information and belief, PRA knew of the order.

23. Before filing suit against Mr. Rodriguez, PRA did not bother obtaining from GE account notes or other documents which would have alerted PRA that Mr. Rodriguez was charged for services that were not rendered.

24. Mr. Rodriguez was forced to retain counsel to defend PRA's suit.

25. After Mr. Rodriguez's counsel filed an appearance and moved to dismiss the complaint, PRA voluntarily non-suited the action.

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1-25

27. PRA engaged in deceptive collection practices, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), by falsely alleging in a collection complaint and an affidavit attached thereto that Mr. Rodriguez owed money to PRA on a General Electric Capital Corp/Care Credit Account.

28. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2) The false representation of–**

4

> (A) the character, amount, or legal status of any debt; . . .
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against PRA for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)    Attorney's fees, litigation expenses and costs of suit;

    (4)    Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

29. Plaintiff incorporates paragraphs 1-25.

30. Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by suing plaintiff on an account which it knew or should have known was fraudulent.

31. Plaintiff suffered damage as a result of PRA's suit.

32. Defendant engaged in such conduct in the course of trade and commerce.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor and against PRA for:

    (1)    Compensatory damages;

    (2)    Puntive damages;

    (3)    Costs;

    (4)    Such other and further relief as the Court may deem just and proper.

                                          <u>s/Daniel A. Edelman</u>
                                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

I, Ronald Rodriguez, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the facts stated in the foregoing complaint are true to the best of my knowledge and belief.

Ronald Rodriguez

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)